UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY NORWOOD,<br><br>            Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>            Defendant. | Case No. CV 13-00966-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On February 15, 2013, Jeffrey Norwood ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Commissioner filed an Answer on June 10, 2013. On August 30, 2013, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 52-year-old male who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on January 25, 2010. (AR 17.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since December 20, 2007, the alleged onset date of his disability. (AR 33.)

Plaintiff's claims were denied initially on June 23, 2010 and on reconsideration on September 21, 2010. (AR 17.) Plaintiff then sought review and on July 13, 2011, the matter proceeded to a hearing before Administrative Law Judge ("ALJ") Peggy M. Zirlin in Long Beach, California. (AR 17.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 17.) Vocational expert ("VE") Randi A. Langford-Hetrick also appeared and testified at the hearing. (AR 17.)

The ALJ issued an unfavorable decision on August 26, 2011. (AR 17-37.) The Appeals Council denied review on December 13, 2012. (AR 1-4.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as ground for reversal and remand:

1. Whether the ALJ properly assessed Jeffrey Norwood's residual functional capacity for the requirements of work.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Residual functional capacity ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since December 20, 2007, the alleged onset date. (AR 33.)

At step two, the ALJ determined that Plaintiff has the following severe impairments: degenerative disease of the lumbar spine, borderline intellectual functioning, and history of substance abuse and history of depression, now improved. (AR 33.) At step three, the ALJ determined that Claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 33.)

The ALJ then found that Plaintiff has the RFC to perform medium work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following limitations:

> . . . lift and carry up to 25 pounds frequently and 50 pounds occasionally, stand and/or walk 6/8 hours, sit 6/8 hours, with normal breaks, occasional ramp/stair climbing, no ladder/rope/scaffold climbing, frequent balancing, occasional stooping, frequent kneeling, occasional crouching and frequent crawling with moderate limits in performing detailed work.

(AR 33-35.) In determining the above RFC, the ALJ made an adverse credibility determination (AR 33-35) that Claimant does not challenge here.

At step four, the ALJ found that Plaintiff is able to perform past relevant work as a forklift driver. (AR 35.) At step five, the ALJ alternatively found that considering Claimant's age, education, work experience, and RFC, there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, including agricultural sorter, sales attendant, packer and assembler. (AR 35-36.)

Consequently, the ALJ determined that Claimant is not disabled within the meaning of the Social Security Act. (AR 36-37.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

Plaintiff challenges the ALJ's RFC for medium work. An RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In this case, Claimant filed previous concurrent applications alleging an onset date of December 28, 2007, which were denied in an unfavorable hearing decision on May 20, 2009. (AR 18, 86-91.) This prior ALJ decision found that Claimant had the severe impairments of back pain, borderline intellectual functioning, alcohol abuse and depression. (AR 18.) The ALJ found Claimant capable of medium work with moderate difficulties in maintaining social functioning and concentration, persistence and pace, resulting in moderate limits in performing detailed work. (AR 18.) The ALJ found Claimant not credible and concluded that the claimant can do his past relevant work as a forklift driver. (AR 18.) The Appeals Council affirmed the denial of benefits on August 27, 2009. (AR 18.)

Claimant then amended the onset date to May 21, 2009, the day after the ALJ decision. (AR 19.) Under the law, there is a presumption of nondisability as to the amended applications and plaintiff must prove "changed circumstances" indicating greater disability. Chavez v. Bowen, 844 F.2d 691, 694 (9th Cir. 1988). Social Security Acquiescence Ruling 97-4(9) directs:

> When adjudicating [a] subsequent claim involving an unadjudicated period, adjudicators will apply a presumption of continuing nondisability and determine that the claimant is not disabled with respect to that period, unless the claimant rebuts the presumption. A claimant may rebut the presumption by showing a "changed circumstance" affecting the issue of disability with respect to the unadjudicated period, e.g., a change in the claimant's age category under 20 C.F.R. § 404.1563 or § 416.963, an increase in the severity of the claimant's impairment(s), the alleged existence of an impairment(s) not previously considered, or a change in the criteria for determining disability.

The new decision does not find any significant worsening of impairments or new impairments after May 20, 2009 that would require a more restrictive RFC or constitute "changed circumstances" that would overcome the presumption of disability.

/ / /
/ / /

6

**I.     THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

**A.     The ALJ Properly Rejected The Opinion Of Dr. Nomoto**

Plaintiff's assertion of increased impairment relies heavily on the April 24, 2010 orthopedic consulting exam from Dr. Edward Nomoto who provided a light work RFC (AR 22-23, 361-364), more restrictive than the medium work RFC in the prior ALJ decision. Plaintiff presented with a complaint of low back pain (AR 361), using a cane, and had an antalgic gait. (AR 22, 362.) Claimant's x-rays revealed degenerative disk disease (AR 22, 361, 364). Nonetheless, he presented in no acute distress, and range of motion was full and painless in the cervical spine, lumbar spine and upper and lower extremities. (AR 22, 362-363.) Straight leg raising was positive in the supine position but negative in the seated position. (AR 22, 363.) Dr. Nomoto diagnosed back pain with radiculopathy in the left lower extremity but concluded Plaintiff could perform light work, is unable to kneel, squat, crouch or crawl frequently and can perform fine and gross manipulations without limitations. (AR 22-23, 364.)

Plaintiff contends that the ALJ improperly rejected Dr. Nomoto's opinion. In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

The ALJ rejected Dr. Nomoto's light work RFC. The ALJ agreed with State reviewing physicians that Dr. Nomoto's RFC was "too restrictive given the objective medical findings and because the physical findings are not consistent with a significant worsening of his impairment . . . and because the medical record does not document the assistive device as being prescribed as medically necessary." (AR 28.) Dr. Berry signed a Physical RFC dated May 20, 2010 (AR 449-454) noting that Dr. Nomoto's RFC was too restrictive "given the physical findings." (AR 453.) He explained that there was back pain but no significant spinal stenosis and full and painless range of motion in the lumbar spine and right knee. (AR 453.) Dr. Nomoto's physical findings are not consistent with a significant worsening of his impairment. (AR 453.) He noted the straight leg test is not positive because it must be positive in both supine and seated

8

testings and there is no evidence a cane was prescribed as medically necessary. (AR 453.) Dr. Berry concluded that "there are no new allegations to adjudicate and no evidence of increased severity of the Claimant's back pain" from the previous ALJ decision which he adopted. (AR 453.) Another State reviewing physician, Dr. R. E. Brooks, also affirmed the medium RFC from the initial ALJ decision in a case analysis dated September 20, 2010. (AR 394-395.)

An ALJ may reject a treating physician's opinion that conflicts with the physician's own treatment notes, Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003), or is inadequately supported by medical evidence or objective medical findings, as is the case here with Dr. Nomoto. Thomas, 278 F.3d at 957; Batson v. Comm'r of Soc. Sec., 359 F.3d 1190, 1195 (9th Cir. 2004). The ALJ gave weight to the opinions of non-examining physicians Dr. Berry and Dr. Brooks (AR 23, 28-29) which are substantial evidence because their opinions are based on independent evidence in the record such as imaging results. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2011). Plaintiff does not even mention Dr. Berry.

Plaintiff attempts to defend Dr. Nomoto's light RFC by asserting that a MRI in February 2011 (AR 399-400) showed that his lumbar spine condition worsened in comparison to an earlier MRI in April 2009. (AR 429). Specifically, Plaintiff notes mild facet arthropathy with no significant spinal stenosis at L3-L4 (AR 399) not present in the earlier MRI. (AR 429.) Yet the radiologists reported virtually the same impressions of "multi-level degenerative disc disease" but "no significant spinal [canal] stenosis." (AR 399, 429.) Plaintiff does not cite to any physician who interpreted the MRIs as evidence of a significant worsening of the impairment that would warrant a more restrictive RFC. Plaintiff also contends that the ALJ does not address the changes in the MRI studies but the ALJ noted both MRI findings (AR 18, 24) and concluded that there were no objective clinical findings to show any further deterioration in physical functioning since the prior ALJ decision. (AR 27.) Plaintiff disagrees with the ALJ's interpretation of the MRI evidence but it is the ALJ who is responsible for resolving conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the

ALJ's interpretation of the evidence is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

Plaintiff also contends that the ALJ failed to address the limitations in motion, antalgic gait and indications of radiculopathy in Dr. Nomoto's April 24, 2010 report. Yet the ALJ specifically referenced these findings by Dr. Nomoto. (AR 22.) She also rejected Dr. Nomoto's light work RFC as too restrictive because his physical findings are inconsistent with a significant worsening of his impairment and because the medical record does not document an assistive device as medically necessary. (AR 33, 28-29.)

The ALJ rejected Dr. Nomoto's light work RFC for specific, legitimate reasons supported by substantial evidence.

**B.     Other Medical Evidence Does Not Support A Light RFC**

Plaintiff contends that the ALJ failed to address the limitation against "bending at waist" and "no heavy lifting" assessed by a nurse in numerous treatment notes. (AR 406, 417, 425.) The Court disagrees.

The ALJ in summarizing the medical records found that there was "no support" for the July 30, 2009 nurse's statement proscribing bending at the waist and heavy lifting. (AR 22, 425.) The ALJ made the same evaluation of the nurse's statement on August 25, 2010 ("there is no medical support noted for the limitations"). (AR 24.) As to all the nurse's notes, the ALJ found that the nurse "cited to no medical records that supported a total incapacity for bending nor did she indicate that the Claimant was incapable of 'less than heavy lifting.'" (AR 27.) An ALJ may discredit a treating physician's opinion that is conclusory, brief, and unsupported by the record as a whole or by objective medical evidence. Batson, 359 F.3d at 1195. Claimant attempts to attribute the nurse's statements to the treating physician but points to no objective medical evidence from the physician that would support the limitations.

The ALJ reasonably gave more weight to the longitudinal medical records from the treating and consulting doctors than to "a conclusory statement of disability or unsupported statement of a nurse." (AR 28.) The nurse's claimed limitations conflict with the opinion of Dr.

Nomoto who found that Plaintiff had a full and painless range of motion in the lumbar spine, knees and hips. (AR 363.) Dr. Berry opined that Plaintiff could occasionally stoop and crouch (AR 451) and rejected Dr. Nomoto's opinion that Plaintiff could not kneel, squat or crouch frequently because that limitation was inconsistent with his own findings on examination, as noted earlier. (AR 453.) The State reviewing physicians concurred in Dr. Berry's opinion. (AR 28.)

Plaintiff also notes that the treating physician at Hubert Humphrey Comprehensive Health Clinic diagnosed chronic low back pain and found Plaintiff disabled for a year. (AR 403.) The ALJ, however, specifically rejected this opinion because the physician "did not provide a well-supported function-by-function assessment of the Claimant's functional capacities to support the work incapacity alleged." (AR 28.)

Plaintiff further notes a treatment note describes significant back pain and occasional left leg radiating pain. (AR 397.) The note, however, merely reports Plaintiff's subjective complaints. The ALJ found Plaintiff's subjective complaints and self-assessed limitations not credible (AR 28), a finding Plaintiff does not contest.

Again, the ALJ has the responsibility for resolving conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

\* \* \*

The ALJ's RFC is supported by substantial evidence. The ALJ's finding that Plaintiff's impairments have not significantly worsened since the prior ALJ decision is supported by substantial evidence. The ALJ's nondisability determination is supported b y substantial evidence and free of legal error.

/ / /
/ / /
/ / /
/ / /
/ / /

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

D00ATED:  November 13, 2013              */s/ John E. McDermott*
                                                            JOHN E. MCDERMOTT
                                                            UNITED STATES MAGISTRATE JUDGE